ATTORNEYS FOR APPELLANT
Bernice A.N. Corley
Ruth Ann Johnson
Marion County Public Defender Agency
Indianapolis, IN

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 20 2017, 10:29 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 49S05-1706-CR-405

WILLIAM MCNEAL,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G21-1509-F5-31039
The Honorable Shannon Logsdon, Judge Pro Tempore

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-1604-CR-838

**June 20, 2017**

**Per Curiam.**

On August 28, 2015, police encountered a man lying face down on the sidewalk and called for medical assistance. Soon thereafter, William McNeal approached the scene and attempted to rouse the man to leave. Police on the scene noted that McNeal exhibited slurred speech, unsteady gait, and glassy eyes, and asked him to sit down. McNeal refused and then tripped over the man on the sidewalk and fell down. When McNeal tried to get up to leave, he fell down again, so police placed him in handcuffs to keep him seated. Medics arrived and determined that McNeal and the man should be transported to the hospital. During this period, police ran a check on McNeal's

identification and discovered he had an outstanding arrest warrant. During a search before the medical transport, police found baggies of cocaine in McNeal's pants pocket.

McNeal was charged with Level 5 felony possession of cocaine. Before and during trial, McNeal sought to exclude the cocaine evidence, contending it was obtained as a result of an unconstitutional detention. The trial court admitted the evidence and found McNeal guilty. McNeal appealed, and the Court of Appeals affirmed. McNeal v. State, 62 N.E.3d 1275 (Ind. Ct. App. 2016), *reh'g denied*. Among other things, the Court of Appeals concluded McNeal's detention was supported by reasonable suspicion that he was publicly intoxicated, and thus the cocaine was properly admitted.

McNeal seeks transfer. He does not dispute that his encounter with police was justified by reasonable suspicion of public intoxication. Rather, he asks this Court to vacate a portion of the Court of Appeals' opinion discussing the community caretaking exception to the Fourth Amendment's warrant requirement.

McNeal's request is well-taken. We now grant transfer, vacating the Court of Appeals' discussion of the community caretaking function—specifically, the final sentence of Section 1, the entirety of Section 1.1, the first phrase of Section 1.2, and the second sentence of the paragraph numbered 25. *See* 62 N.E.3d at 1281-83, 1285; Ind. Appellate Rule 58(A). We summarily affirm the remainder of the Court of Appeals' opinion, including the rest of Section 1.2 (concluding McNeal's detention did not violate the Fourth Amendment because police had reasonable suspicion he "had committed, or was about to commit, the crime of public intoxication"), and the rest of Section 2 (finding no Indiana constitutional violation). *See* 62 N.E.3d at 1283-85; Ind. App. R. 58(A)(2).

All Justices concur.